## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOLIE DESIGN & DÉCOR, INC. and** | * | |
| **ANNIE SLOAN INTERIORS, LTD.** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | **CIVIL ACTION NO.:** |
| **v.** | * | |
| | * | **JUDGE:** |
| **BB FROSCH, LLC; THE JKKJKK TRUST;** | * | |
| **JASON SMITH; and KRISTIN SMITH** | * | **MAGISTRATE:** |
| | * | |
| **Defendants** | * | |
| | * | |
| | * | |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW INTO COURT come plaintiffs, Jolie Design & Décor, Inc. ("Jolie Design") and Annie Sloan Interiors, Ltd. ("Annie Sloan Interiors"), by and through undersigned counsel, who file this Complaint for Injunctive Relief and Damages seeking to enjoin the defendants named herein from infringing Annie Sloan Interiors' registered trademark rights and misappropriating the goodwill associated therewith, as set forth in more detail as follows:

### NATURE OF THE CASE

1.      This is an action for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §1051 *et seq.*, injury to business reputation and trademark dilution under LA. REV. STAT. §51:223.1, and unjust enrichment by the defendants.

### PARTIES

2.      Annie Sloan Interiors is a foreign company organized and existing under the laws of the United Kingdom with its principal place of business at 33 Cowley Road, Oxford OX4 1HP, UK.  Annie Sloan Interiors is the owner and licensor of various CHALK PAINT trademarks.

3.      Jolie Design is a Louisiana corporation doing business as Unfolded and with its principal place of business at 2609 Piedmont Street, Kenner, Louisiana, 70062.  Jolie Design is the exclusive distributor of CHALK PAINT® brand decorative paint and is the exclusive licensee of the CHALK PAINT trademark in North America, as well as various other regions around the world.

4.      On information and belief, BB Frosch, LLC ("BB Frosch") is a Nevada limited liability company having its main office at 4968 Danube Avenue, Las Vegas, Nevada 89141.

5.      On information and belief, The JKKJKK Trust (the "Trust") is a trust organized in the State of Nevada, having an address of 7973 Sleeping Lily Drive, Las Vegas, Nevada, 89178.

6.      Neither the Trust nor BB Frosch is a franchisee or licensee of plaintiffs and neither has any commercial or contractual affiliation with plaintiffs.

7.      On information and belief, Jason Smith and Kristin Smith (jointly, the "Smiths") are individuals who reside in the state of Nevada, who are both managing members of BB Frosch and trustees of the Trust and are active participants in the wrongdoing of which plaintiffs complain herein.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions arising under federal laws); 28 U.S.C. §1332 (diversity of citizenship); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to trademarks and unfair competition claims joined therewith); and 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

9.      This Court has personal jurisdiction over BB Frosch because they are engaged in business activities in and directed to the State of Louisiana.  Further, the defendants have taken

affirmative actions in this judicial district to infringe upon Annie Sloan Interiors' federally registered trademarks and Jolie Design's exclusive rights therein, as well as engaged in unfair competition and deceptive trade practices that have caused damage to plaintiffs.  In the alternative, BB Frosch has established contacts with the State of Louisiana making the exercise of personal jurisdiction proper.  More specifically, BB Frosch operates certain websites, through which the unlawful activities alleged herein occur (including, without limitation, use of the terms CHALK PAINT POWDER and BB FROSCH CHALK PAINT POWDER), namely, the www.bbfrosch.com and www.bbfrosch.bigcartel.com websites.  Such websites are highly interactive in that, at least, BB Frosch offers products for sale and posts articles on a "blog" where BB Frosch interacts with customers or potential customers through the posting of comments and replies.  Such interactivity has resulted in online sales of infringing product to disinterested purchasers in the State of Louisiana.  *See* Exhibit D (posting to the Facebook.com website admitting that BB Frosch has sold its products to "all fifty states").

10.    This Court has personal jurisdiction over the Trust because BB Frosch acts as the Trust's agent for purposes of manufacturing, advertising, and distributing products under the infringing designation "BB FROSCH CHALK PAINT POWDER".  The Trust exercises control over the nature and quality of the infringing goods distributed by BB Frosch.  In the alternative, as a wholly-owned "holding company" which owns the infringing designation "BB FROSCH CHALK PAINT POWDER", the Trust is subject to personal jurisdiction in the same fora that BB Frosch is as the licensee of the infringing designation.

11.    This Court has personal jurisdiction over the Smiths because the Smiths supervise and control the day-to-day operations of BB Frosch, including the www.bbfrosch.com and www.bbfrosch.bigcartel.com websites, and have knowledge of, directed, controlled, supervised,

acted in concert with, and/or took action that contributed to BB Frosch's unlawful activities in the State of Louisiana.

12.     Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims occurred in this district; or, in the alternative, this is a district where the defendants are subject to personal jurisdiction.

## FACTS COMMON TO ALL CLAIMS

I.     **ANNIE SLOAN INTERIORS' ADOPTION AND DEVELOPMENT OF THE CHALK PAINT TRADEMARK**

13.     Annie Sloan is a world-renowned decorative artist with a sterling reputation in the arts and crafts community.

14.     More than two decades ago, using her knowledge of paint, pigment, and art history, Ms. Sloan created a unique decorative paint that would eventually be marketed and sold bearing the CHALK PAINT trademark.

15.     Annie Sloan Interiors adopted the CHALK PAINT trademark in 2003 because it is suggestive of the velvety, 'chalky' matte finish that her paint provides.  The next year, Annie Sloan Interiors registered the domain name www.chalkpaint.com and began selling CHALK PAINT® brand decorative paint to customers in the United States (and elsewhere) through that website.

16.     Annie Sloan Interiors has continuously used the CHALK PAINT trademark in interstate commerce with substantial exclusivity since 2004.

17.     The popularity of CHALK PAINT® brand decorative paint in the United States is a result of both Annie Sloan's acclaim and reputation as an artist, as well as Jolie Design's tireless efforts and substantial marketing expenditures to reach consumers, develop goodwill, and build brand association in the United States market.

4

18.     The CHALK PAINT trademark is inherently distinctive when used in connection with decorative paint.  Alternatively, as a result of Annie Sloan Interiors' substantially exclusive use of the CHALK PAINT trademark in commerce since 2004 and the plaintiffs' extensive advertising and promotional efforts, the CHALK PAINT trademark has acquired distinctiveness in connection with Annie Sloan Interiors' decorative paint and is now well established at common law.

19.     The CHALK PAINT trademark is a well-known mark and brand that represents and symbolizes the substantial goodwill belonging exclusively to Annie Sloan Interiors.

20.     On October 30, 2012, the CHALK PAINT standard character mark was duly registered on the Principal Register of the United States Patent and Trademark Office ("USPTO").  *See* U.S. Reg. No. 4,232,734 (a true and correct copy is attached hereto as Exhibit A).  This registration constitutes *prima facie* evidence of the validity of the registered mark, of Annie Sloan Interiors' ownership of the mark, and of Annie Sloan Interiors' exclusive right to use the registered mark in commerce. *See* 15 U.S.C. § 1115(a).

21.     On April 23, 2013, the CHALK PAINT mark in a stylized format was duly registered on the Principal Register of the USPTO.  *See* U.S. Reg. No. 4,322,847 (a true and correct copy is attached hereto as Exhibit B).  This registration constitutes *prima facie* evidence of the validity of the registered mark, of Annie Sloan Interiors' ownership of the mark, and of Annie Sloan Interiors' exclusive right to use the registered mark in commerce.  *See* 15 U.S.C. §1115(a).

II.     **DEFENDANTS' UNLAWFUL ACTIVITIES**

22.     BB Frosch advertises, offers, and sells powder for use with decorative paints in interstate commerce through, *inter alia*, the www.bbfrosch.com and www.bbfrosch.bigcartel.com websites (the "BB Frosch Sites").

23.     BB Frosch offers its powder for sale under the infringing designation BB FROSCH CHALK PAINT POWDER and/or CHALK PAINT POWDER through retailers and online through the BB Frosch Sites.  This alone creates marketplace confusion with CHALK PAINT® brand decorative paint and dilutes the distinctive quality of the CHALK PAINT trademark and brand name.

24.     BB Frosch encourages its customers to combine its powder with store-bought paint in order to create a product that purports to be similar to decorative paint sold by Jolie Design under the CHALK PAINT® brand name.

25.     BB Frosch refers to this combination as CHALK PAINT and advertises that consumers can create CHALK PAINT with its powder.

26.     On March 23, 2015, counsel for Jolie Design transmitted a letter to BB Frosch in care of Ms. Smith.  The letter informed BB Frosch and the Smiths that Jolie Design was a Louisiana corporation based in New Orleans, and of Jolie Design's exclusive right to use the CHALK PAINT trademark in the United States.  The letter included a copy of U.S. Reg. No. 4,232,734.

27.     On April 6, 2015 counsel for Jolie Design received a response from Jared R. Johnson, Esq. representing BB Frosch.  Mr. Johnson asked for (and was granted) an additional two weeks to review the matter.  However, counsel for Jolie Design did not hear back from Mr. Johnson.

28.     On April 21, 2015, despite being fully aware of Annie Sloan Interiors' superior rights in the CHALK PAINT trademark, and of the harm that Annie Sloan Interiors and Jolie Design would suffer, Mr. Johnson filed USPTO Trademark App. Ser. No. 86/604,275 for a design mark prominently displaying the term CHALK PAINT for use with textured additives for paint (the "'275 Application") on behalf of the Trust and the Smiths as trustees.  The design claimed by

the '275 Application (the "BB Frosch Logo") is materially indistinguishable from the design appearing on the BB Frosch Sites and used by BB Frosch in connection with the sale and distribution of its infringing products.

29.     On January 4, 2017, Annie Sloan Interiors initiated Trademark Trial and Appeal Board Proceeding No. 91232077, opposing the Trust's registration of the '275 Application.

30.     In an order dated April 4, 2017, the Trademark Trial and Appeal Board entered judgment against the Trust, sustained Annie Sloan Interiors' opposition, and refused registration of the '275 Application to the Trust.

31.     On information and belief, BB Frosch uses the BB Frosch Logo under the license, direction, and control of the Trust and the Trust obtains a direct financial benefit from BB Frosch's use of the BB Frosch Logo and the designation BB FROSCH CHALK PAINT POWDER.

32.     On information and belief, the Trust is a "holding company" for the intellectual property assets used by BB Frosch and is wholly-owned by the Smiths and was formed for the purpose of avoiding jurisdiction outside its state of incorporation in connection with any legal action regarding the BB FROSCH CHALK PAINT POWDER designation and the BB Frosch Logo.

33.     On information and belief, defendants The Smiths direct, control, authorize, and actively participate in the infringing acts of BB Frosch and the Trust described herein.  The Smiths supervise and control the day-to-day operations of BB Frosch, including the BB Frosch Sites, and have knowledge of, directed, controlled, supervised, acted in concert with, and/or took action that contributed to BB Frosch's unlawful activities in the State of Louisiana.  For example, Ms. Smith is listed as the Registrant Contact, Administrative Contact, and Technical Contact for the www.bbfrosch.com website.  *See* Exhibit C (Domain Name Records for www.bbfrosch.com).

34.     On the www.bbfrosch.com website, Ms. Smith describes her pivotal role in developing BB FROSCH CHALK PAINT POWDER and her active participation in BB Frosch, noting among other things, that she created BB FROSCH CHALK PAINT POWDER after purchasing a large amount of paint and supplies from a "stockist" in Las Vegas, Nevada and being unsatisfied with the availability of colors.

35.     On information and belief, the "stockist" referred to by Ms. Smith on the www.bbfrosch.com website is a licensee of the CHALK PAINT brand.

## III.    EFFECT OF DEFENDANT'S INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

36.     The defendants' use of terms nearly identical to the CHALK PAINT mark is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of plaintiffs, at least as to some affiliation, connection or association of the defendant with the plaintiffs, or as to the origin, sponsorship, or approval of the defendants' products by the plaintiffs.

37.     The defendants' unauthorized use of terms nearly identical to the CHALK PAINT mark falsely designates the origin of their products and services.

38.     The defendants' unauthorized use of terms nearly identical to the CHALK PAINT mark enables the defendants to trade on and receive the benefit of goodwill built up at great labor and expense by the plaintiffs, and to gain acceptance for the defendants' products and services on the goodwill of Annie Sloan Interiors and the CHALK PAINT mark.

39.     The defendants' unauthorized use of terms nearly identical to the CHALK PAINT mark is likely to dilute the distinctive quality of the CHALK PAINT mark.

40.     Unless these acts of defendants are restrained by this Court, they will continue and they will continue to cause irreparable injury to the plaintiffs and to the public for which there is no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**<u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)</u>**

41.     The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

42.     The defendants' direct use and threatened continued use of confusingly similar terms constitutes infringement of the Annie Sloan Interiors' federally registered trademarks in violation of 15 U.S.C. §1114.

43.     The defendants are also liable for every act of infringement committed by BB Frosch's distributors under the theories of agency and partnership as well as intentional or other inducement.

44.     The defendants' acts of infringement have been willful, deliberate and intended to benefit the defendants at the plaintiffs' expense.

45.     As a direct and proximate result of the defendants' acts of infringement, the plaintiffs have been damaged; and, unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury.

46.     The plaintiffs are entitled to an order preliminarily and permanently enjoining the defendants from further acts of infringement.

47.     The plaintiffs are additionally entitled to compensation consisting of the defendants' profits (as may be increased pursuant to 15 U.S.C. §1117) plus the costs of the action.

48.     The intentional nature of the defendants' acts of infringement and other unlawful acts make this an exceptional case under 15 U.S.C. §1117 warranting an award of plaintiffs' attorney fees and costs.

## SECOND CAUSE OF ACTION
## <u>UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125)</u>

49.     The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

50.     The defendants' direct use and threatened continued use of confusingly similar terms constitutes unfair competition and false designation of origin as to the goods sold by and on behalf of the defendants.

51.     The defendants are also liable for every act of unfair competition and false designation of origin committed by BB Frosch's distributors under the theories of agency and partnership as well as intentional or other inducement.

52.     The defendants' acts of unfair competition and false designation of origin have been willful, deliberate and intended to benefit defendants at the plaintiffs' expense.

53.     As a direct and proximate result of the defendants' false designation of origin and unfair competition, the plaintiffs have been damaged; and, unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury.

54.     The plaintiffs are entitled to an order preliminarily and permanently enjoining the defendants from further acts of unfair competition and false designations of origin.

55.     The plaintiffs are additionally entitled to compensation consisting of the defendants' profits (as may be increased pursuant to 15 U.S.C. §1117) plus the costs of this action.

56.     The intentional nature of the defendants' acts of unfair competition and false designation of origin make this an exceptional case under 15 U.S.C. §1117 warranting an award of plaintiffs' attorney fees and costs.

## THIRD CAUSE OF ACTION
## TRADEMARK DILUTION UNDER STATE LAW

57.     The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

58.     The foregoing actions of the defendants constitute trademark dilution and injury to business reputation in violation of LA. REV. STAT. §51:223.1 and as a result, the plaintiffs have been harmed.

59.     The defendants are also liable for each act of dilution and injury to business reputation committed by BB Frosch's distributors under the theories of agency and partnership as well as intentional or other inducement.

60.     Unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury, including a permanent loss of the goodwill associated with CHALK PAINT® brand decorative paint.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

61.     The plaintiffs repeat and re-allege all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

62.     The acts of the defendants complained of herein constitute the unjust enrichment of the defendants at the plaintiffs' expense.

63.     Unless the defendants are restrained by this Court, the plaintiffs will continue to suffer serious, irreparable injury.

64.     The plaintiffs are entitled to an order preliminarily and permanently enjoining the defendants from further unjust enrichment.

65.     The plaintiffs also seek damages for the wrongful conduct of each defendant in an amount to be determined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs respectfully pray for the following relief:

(a)     A preliminary and permanent injunction against continued use of the CHALK PAINT trademark and any confusingly similar variations thereof (including, without limitation, the terms CHALK PAINT POWDER and BB FROSCH CHALK PAINT POWDER) by the defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from the defendants, or in concert or participation with the defendants, pursuant to the powers granted to this Court by 15 U.S.C. §1116 and La. R.S. §51:223.1;

(b)     An accounting for, and a monetary award resulting from, the defendants' unauthorized use of the CHALK PAINT trademark, consisting of the defendants' profits (which may be enhanced up to three times pursuant to 15 U.S.C. §1117), but excluding plaintiffs' damages under 15 U.S.C. §1117(a)(2);

(c)     An award of plaintiffs' costs, expenses and reasonable attorneys' fees in this action; and

(d)     Such further relief as a matter of law or equity as this Court may deem just and proper, except that plaintiffs are not seeking plaintiffs' damages under 15 U.S.C. §1117(a)(2).

Respectfully submitted,

 /s/ J. Matthew Miller III
**RAYMOND G. AREAUX** (Bar No. 16792) T.A.
**J. MATTHEW MILLER III** (Bar. No. 32594)
**THEODORE S. OWERS III** (Bar. No. 27028)
*Carver, Darden, Koretzky, Tessier,*
  *Finn, Blossman & Areaux, LLC*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
E-Mail:        miller@carverdarden.com
Telephone:   504.585.3844
Facsimile:    504.585.3801
*Attorneys for Plaintiffs*

4810-8058-7840, v. 3